# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darnell Dunlap,

                Petitioner,      Case No. 14-cv-11537

v.                                       Judith E. Levy
                                       United States District Judge

Jeffrey Woods,

                                       Mag. Judge R. Steven Whalen

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION REQUESTING INVESTIGATION INTO THE WRONGFUL DENIAL RE PETITION FOR WRIT OF HABEAS CORPUS [45]

Before the court is Petitioner's "Motion Requesting Investigation into the Wrongful Denial Re Petition for Writ of Habeas Corpus." (Dkt. 45.) On April 21, 2016, the Court denied Petitioner's petition for a writ of habeas corpus on the grounds that review of his claims was barred by his state court procedural defaults and that they were without merit under the Antiterrorism and Effective Death Penalty Act of 1996. (Dkt. 30.) The Court also denied a certificate of appealability and denied permission to appeal *in forma pauperis*. Petitioner appealed and the United States

Court of Appeals for the Sixth Circuit likewise denied him a certificate of appealability. (Dkt. 37.)

Petitioner's motion asserts that in adjudicating his petition the Court failed to consider events occurring in the state courts that were not transcribed or that occurred off of the record. The Court will construe Petitioner's motion as one filed under Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) may be used to relieve a party from judgment in extraordinary circumstances, which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that:

> Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief.

*Id.* (internal citations and quotations omitted).

Petitioner's arguments do not demonstrate an unusual or extreme situation exists that warrants relief from judgment. Though Petitioner's precise allegations are difficult to discern from his motion, he seems to chiefly complain that facts supporting his claims of ineffective assistance of counsel, his claim related to an unrecorded arraignment, his claim

2

regarding untested DNA evidence, and his claim regarding alleged acts of violence by the victim against Petitioner were proffered to both the state courts and this Court, but never considered. These arguments, or similar ones, were considered and rejected by the Sixth Circuit when it noted that "'review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.'" (Dkt. 37 at 5 (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).)

Moreover, after considering the allegations outside of the record, the Sixth Circuit found that the "omitted pieces of evidence do not demonstrate a reasonable probability that the result [of the trial] would have been different." (*Id.* at 6.) Petitioner presents nothing in the present motion to alter confidence in that conclusion. As the Sixth Circuit found, the Court correctly adjudicated Petitioner's claims under AEDPA and properly applied the procedural default framework with respect to the claims that were found to be barred from review by the state courts. Accordingly, Petitioner's motion will be denied.

Petitioner has also not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is unwarranted. 28 U.S.C. § 2253(c)(2). Leave to proceed *in forma*

*pauperis* on appeal of this order will also be denied as an appeal cannot be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24 (a).

For the reasons set forth above, it is hereby ordered that Petitioner's Motion Requesting Investigation into the Wrongful Denial Re Petition for Writ of Habeas Corpus (Dkt. 45) is DENIED.

It is further ordered that a certificate of appealability and permission to appeal *in forma pauperis* are DENIED.

IT IS SO ORDERED.

Dated: August 13, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2018.

  s/Shawna Burns
  SHAWNA BURNS
  Case Manager

4